# EXHIBIT 1

# Complaint

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/6/2013 7:29:02 PM
GREGORY T. IRELAND
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

CHRISTINE C. LUCERO, Individually, and as
Personal Representative of the Estate of
ROSEMARY KATHERINE LUCERO, Deceased,

    Plaintiffs,

v.                                                                    Cause No.: D-202-CV-2013-01421

ST. CATHERINE HEALTHCARE AND REHABILITATION
CENTER, LLC, A Delaware Corporation, NECESSITY CASE
MANAGEMENT AND CONSULTATION, LLC, a New Mexico
Limited Liability Company, DAWN BROWN, individually,
AMY DIMAS, individually, and JOHN AND/OR JANE DOES I-IV,

    Defendants.

**COMPLAINT FOR NEGLIGENCE, NEGLIGENT HIRING, SUPERVISION, RETENTION, NEGLIGENCE PER SE, BREACH OF CONTRACT, UNFAIR TRADE PRACTICE AND MISREPRSENTATION RESULTING IN PERSONAL INJURY AND WRONGFUL DEATH AND FOR PUNITIVE DAMAGES**

## GENERAL ALLEGATIONS

1. The decedent, ROSEMARY KATHERINE LUCERO (hereinafter "decedent" or "Rosemary") was at all times material hereto a resident of the County of Bernalillo. She was born on December 8, 1941 and was a member of the Isleta Pueblo. All of the acts occurred in the City of Albuquerque and County of Bernalillo and venue is proper therein.

2. Plaintiff, CHRISTINE C. LUCERO, is a resident of the County of Bernalillo, State of New Mexico.

3. Plaintiff CHRISTINE C. LUCERO is the daughter of ROSEMARY KATHERINE LUCERO.

1

4. ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER, LLC, is a foreign for-profit corporation, registered in New Mexico, which at all times material to this Complaint, owned, operated, and managed ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER, a nursing home open to members of the general public such as decedent.

5. At all times relevant to this action, ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER, LLC was acting through its employees, agents, apparent agents or contractors who were acting within the scope of their employment, agency, apparent agency or contract in the services they provided to decedent while she was a patient at ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER.

6. All acts done by persons at ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER, LLC, including all nursing care provided to decedent at ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER, were done within the scope of those persons' employment, contract, agency, or apparent agency.

7. All acts alleged in this Complaint concerning ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER, LLC, including all acts of nursing staff at ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER which concerned decedent, were authorized, participated in, or ratified by ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER, LLC, or its administrators, managers, officers, or directors.

8. At all times material to this Complaint, DAWN BROWN was an administrator at ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER and was a resident of the County of Bernalillo, State of New Mexico.

9. At all times material to this Complaint, AMY DIMAS was an employee or administrator at ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER and was a resident of the County of Bernalillo, State of New Mexico.

10. At all times material to this Complaint, JOHN DOE #1 was a medical professional and held himself/herself out to be a medical professional, practicing in geriatrics and licensed by the State of New Mexico.

11. At all times material to this Complaint, JOHN DOE #2 was a New Mexico Limited Liability Company and specialized in providing geriatric medical services.

12. ROSEMARY KATHERINE LUCERO was a resident at ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER at the time of her death on February 7, 2010.

13. Upon ROSEMARY KATHERINE LUCERO'S admission to ST. CATHERINE HEALTHCARE AND REHABILITATION CENTER, the nursing home facility represented that it would provide quality and adequate nursing home care in a safe and secure environment.

14. At all times material to this Complaint, NECESSITY CASE MANAGEMENT AND CONSULTATION, LLC was a New Mexico Limited Liability Company.

15. NECESSITY CASE MANAGEMENT AND CONSULTATION, LLC was the legal guardian and conservator for the decedent at the time of her death.

16. Pursuant to the Autopsy Report performed by the Office of the Medical Investigator, Rosemary died from a blunt force injury of the head.

17. The Autopsy Report also indicates that Rosemary was found slumped forward in her wheelchair five days prior to her death by the employees of St. Catherine Healthcare and

Rehabilitation Center. None of the Defendants ever requested any type of emergency medical services for Rosemary after she was found slumped over in her wheelchair.

18. Plaintiff is without the entire incident file from St. Catherine Healthcare and Rehabilitation Center as the file was not produced to Plaintiff even after repeated requests. Further, discovery has not yet begun in this matter.

19. The staff caring for Rosemary, when she received the blunt force head trauma was insufficient to meet her and the needs of other residents and was inadequately trained to meet such needs.

20. St. Catherine Healthcare and Rehabilitation Center operates nursing homes all around the country and has the financial resources to properly perform pre-employment checks and to properly supervise its staff to avoid abuse and neglect of residents.

21. St. Catherine Healthcare and Rehabilitation Center knows that it will be held liable for failure to examine their prior job performance, safety and history of prospective employees.

22. St. Catherine Healthcare and Rehabilitation Center knows that the work history of a prospective employee is a critical but frequently neglected facet of the selection process.

23. St. Catherine Healthcare and Rehabilitation Center has been on notice that in many cases reference checks by its nursing homes have been partially completed or in some cases, not conducted at all.

24. St. Catherine Healthcare and Rehabilitation Center has been on notice that its New Mexico nursing homes have been understaffed and staffed with inadequately trained staff.

**COUNT I-NEGLIGENCE BY ST. CATHERINE, DAWN BROWN, AND AMY DIMAS**

25. Plaintiff realleges the paragraphs above.

26. St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas had a duty to provide qualified employees to care for Rosemary and to screen prospective employees, conduct background checks, fully investigate references and to otherwise protect residents such as Rosemary.

27. St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas also had a duty to properly supervise and monitor employees after they were hired.

28. Despite their duties to protect residents from harm, St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas assigned staff not qualified to provide services to residents such as Rosemary.

29. St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas were negligent and breached their duty to use ordinary care to avoid or prevent what a reasonably prudent person would foresee as an unreasonable risk of injury to another. St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas failed to possess and apply the knowledge and to use the sill and care ordinarily used in reasonably well-operated nursing homes under similar circumstances giving due consideration to the locality involved. St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas's negligence included but were not limited to:

   A. Failing to develop, employ, monitor, and follow appropriate policies and procedures with regard to the pre-employment screening and hiring practices of prospective employees;

   B. Failing to develop, employ, monitor, and follow appropriate policies and procedures with regard to patients that have fallen or have injured their head and show signs of injury or trauma to the head;

5

C. Failing to properly assess Rosemary as required by federal and state law;

D. Failing to properly care plan for Rosemary;

E. Failing to properly assess Rosemary once she had her head injury, including failing to perform vital signs at any time after the head injury;

F. Failing to adequately inform medical personnel about Rosemary's condition;

G. Failing to take further measures to attend to Rosemary's head injury, including, but not limited to, failing to transport by ambulance to an emergency room;

H. Failing to provide for or arrange for the provision of physician services 24 hours a day, in case of emergency;

I. Failing to provide adequate staff, adequately trained staff, and failing to properly supervise staff, knowing that such staffing practices would place patients such as Rosemary at risk for neglect;

J. Failing to maintain and provide a safe environment to protect the health and safety of Rosemary;

K. Failing to take the reasonable precautions that were necessary to prevent Rosemary from such a head injury;

L. Failing to ensure that medical staff, acting in their capacity would properly implement resident care policies and complied with their duty to coordinate medical care at St. Catherine Healthcare and Rehabilitation Center;

M. Failing to have in place a mechanism, as required by state law, for procuring a physician to furnish medical care in the emergency that Rosemary was facing;

N. Failing to have in place an ongoing quality assurance program as required by federal law; and

O.  Inadequately staffing facilities and providing inadequately trained staff some of whom may have used drugs or alcohol and had criminal backgrounds.

30.  St. Catherine Healthcare and Rehabilitation Center's practices were designed to maximize profits rather than providing quality care in a safe environment.

31.  These acts of St. Catherine Healthcare and Rehabilitation Center and its employees, agents, apparent agents, and contractors were negligent and willful, wanton, and in reckless disregard for the safety and wellbeing of patients such as Rosemary.

32.  As a proximate result of St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas's negligence and malicious, willful, reckless and wanton conduct, Rosemary died as a result of her head injuries and suffered physical and emotional pain.

WHEREFORE, Plaintiff requests compensatory and punitive damages against St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas, costs, pre and post judgment interest, and such other relief as permitted by law.

## COUNT II-NEGLIGENT HIRING, SUPERVISION, AND RETENTION

33.  Plaintiff realleges the paragraphs above.

34.  The staff employed by St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas provided basic medical and health care to aged and infirm individuals such as Rosemary who are unable to care for themselves. Such care is usually rendered in the facility, separate and apart from publicly accessible areas, to individuals with very minimal, if any, ability to protect their person or property. These facts place St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas on notice that it is necessary to make a reasonable inquiry into the backgrounds of employees, create a duty to exercise the highest degree of care in the continued supervision of employees, and create a fiduciary relationship

between St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas and their patients.

35. In administering St. Catherine Healthcare and Rehabilitation Center, including its officers, directors, employees, committed the following negligent acts and omissions, all of which in whole or in part proximately resulted in damage and injury to Rosemary. Based on information and belief, these acts and omissions include, but are not limited to:

    A.    Failing to follow proper policies and procedures in hiring employees;

    B.    Failing to insure that all references of prospective employees are checked and those histories are fully investigated;

    C.    Failing to make a reasonable inquiry into the criminal history of prospective employees;

    D.    Failing to provide adequate and adequately trained staff;

    E.    Failing to adequately supervise the staff;

    F.    Failing to administer and manage the nursing home in a reasonably prudent fashion;

    G.    Failing to budget enough to have staff available to properly care for the residents;

    H.    Failing to provide reasonable working conditions for the staff; and

    I.    St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas failed to supervise the medical care of residents, including Rosemary, and/or authorized, ratified, and participated in a patently inappropriate plan of care for Rosemary, thereby breaching their duties owed to Rosemary.

36. As a proximate result of St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas's negligence, Rosemary suffered the damages alleged in this Complaint.

37.     The above referenced breaches in the standard of care were willful, wanton, and reckless, and constitute a disregard for the health and safety of Rosemary so as to justify the imposition of punitive damages.

WHEREFORE, Plaintiff requests compensatory and punitive damages against St. Catherine Healthcare and Rehabilitation Center, Dawn Brown, and Amy Dimas, in an amount to be proven at trial, costs, pre and post judgment interest, and such other relief as permitted by law.

### COUNT III-NEGLIGENCE PER SE

38.     Plaintiff realleges the paragraphs above.

39.     The conduct of St. Catherine Healthcare and Rehabilitation Center is governed by the Resident Abuse and Neglect Act, N.M. Stat. Ann. Section 30-47-1 et seq. (1995). M.M. Stat. Ann. Section 30-47-3(A) defines "abuse" as "any act or failure to act performed intentionally, knowingly, or recklessly that causes or is likely to cause or is likely to cause harm to a resident including: (4) Medically inappropriate conduct that causes or is likely to cause physical harm to a resident."

40.     Additionally, N.M. Stat. Ann. Section 30-4-3(F) et seq. and in particular paragraphs (2) and (3) thereto, prohibit the following: failure to take any reasonable precaution that is necessary to prevent damage to health or safety of a resident; or failure to carry out a duty to supervise properly or control the provision of any treatment, care, good, service, or medication necessary to maintain the health or safety of a resident.

41.     Rosemary was an incapacitated resident receiving nursing care at St. Catherine Healthcare and Rehabilitation Center and as such was an intended beneficiary of the statutes identified in this cause of action.

42. St. Catherine Healthcare and Rehabilitation Center and its employees, agents, apparent agents and contactors violated the Resident Abuse and Neglect Act.

43. St. Catherine Healthcare and Rehabilitation Center also failed to comply with state requirements requiring that residents be free from verbal, physical, or mental abuse.

44. The statues and regulations were enacted for the benefit or protection of a class of the public of which Rosemary was a member at all times material to this action. These statutes and regulations set the minimum standard of care expected of a nursing home in New Mexico.

45. As a proximate result of the violation of these statutes by St. Catherine Healthcare and Rehabilitation Center, which constitutes negligence per se, Rosemary suffered those damages identified in this Complaint.

WHEREFORE, Plaintiff requests compensatory and punitive damages against St. Catherine Healthcare and Rehabilitation Center, costs, pre and post judgment interest, and such other relief as permitted by law.

### COUNT IV-BREACH OF ACTUAL AND IMPLIED CONTRACT

46. Plaintiff realleges the paragraphs above.

47. Plaintiff has not attached the actual contract between Rosemary and St. Catherine Healthcare and Rehabilitation Center, as discovery has not yet begun and the agreement has not been provided to the Plaintiff. Upon information and belief, Rosemary, or her representative, signed a contract establishing a valid and enforceable contractual agreement, and is in privity with St. Catherine Healthcare and Rehabilitation Center. At the time of contract, St. Catherine Healthcare and Rehabilitation Center was apprised of Rosemary's physical and mental condition and infirmities associated therewith, and promised appropriate nursing care.

48.     St. Catherine Healthcare and Rehabilitation Center had an actual and implied contract with Rosemary, which required St. Catherine Healthcare and Rehabilitation Center to provide appropriate nursing home care to Rosemary and reasonably protect her from neglect.

49.     As a direct and proximate result of the acts and omissions set forth above, St. Catherine Healthcare and Rehabilitation Center breached the contract.

50.     In breach the contract, the actions and omissions set forth above, St. Catherine Healthcare and Rehabilitation Center were willful, malicious, wanton, or in reckless disregard for the safety and well being of Rosemary.

51.     As a direct and proximate result of this contractual breach by St. Catherine Healthcare and Rehabilitation Center, Rosemary sustained physical, psychological and emotional trauma and ultimately led to her death. In addition, she or others on her behalf, made payments to St. Catherine Healthcare and Rehabilitation Center for services that were promised, but not delivered, not the least of which was the promise for a safe and secure environment.

         WHEREFORE, Plaintiff requests compensatory and punitive damages against St. Catherine Healthcare and Rehabilitation Center, costs, pre and post judgment interest, and such other relief as permitted by law.

## COUNT V-NEGLIGENT AND/OR FRAUDULENT MISREPRESENTATIONS AND OMISSIONS

52.     Plaintiff realleges the paragraphs above.

53.     For the period complained of here, St. Catherine Healthcare and Rehabilitation Center, acting through its employees, agents, apparent agents, or contractors, who were acting within the scope of their employment, agency, apparent agency or contract, made numerous false and misleading material statements and omissions regarding the care and services they provided, and were able to provide to Rosemary.

54. Specifically, St. Catherine Healthcare and Rehabilitation Center has made material misrepresentations and omissions regarding the safety and security of patients, the quality of care offered at the facility, and the ability of the facility to safely and adequately care for residents such as Rosemary.

55. Specifically, St. Catherine Healthcare and Rehabilitation Center breached the duty of good faith and fair dealing and engaged in deceit, misrepresentation, and fraud by not revealing the extent to which St. Catherine Healthcare and Rehabilitation Center was understaffed, or staffed with inadequately trained staff, failing to disclose the inadequacy of St. Catherine Healthcare and Rehabilitation Center's background checking of employees and failing to reveal the extent to which other residents at St. Catherine Healthcare and Rehabilitation Center nursing homes have been abused and/or neglected by employees.

56. These material representations and omissions by St. Catherine Healthcare and Rehabilitation Center were made with actual knowledge of the falsity of the representation, and/or were willfully, wantonly, and/or recklessly made with intent to deceive. St. Catherine Healthcare and Rehabilitation Center has been on notice that in many cases reference checks have been partially completed or, in some cases, not completed at all.

57. St. Catherine Healthcare and Rehabilitation Center, acting through its employees, agents, apparent agents, or contractors, who were acting within the scope of their employment, agency, apparent agency or contract, made these false and misleading material statements and/or omissions with intent to deceive regarding the quality of the care and services available to Rosemary, and the public at large, through individual representations to the Plaintiff and through other advertising, with the intent of inducing members of the public as the Plaintiff to purchase services from St. Catherine Healthcare and Rehabilitation Center.

58.     Rosemary or her representatives did in fact rely on St. Catherine Healthcare and Rehabilitation Center's representations when choosing the nursing home and when choosing to remain at that nursing home and such reliance was justifiable.

59.     All misrepresentations and fraudulent statements and/or omissions were made with actual intent to deceive, and/or were willfully, wantonly, and recklessly made.

60.     As a proximate result of St. Catherine Healthcare and Rehabilitation Center's negligence and willful, wanton, and reckless misconduct, Rosemary suffered those damages identified in this Complaint.

WHEREFORE, Plaintiff requests compensatory and punitive damages against St. Catherine Healthcare and Rehabilitation Center, in an amount to be proven at trial, costs, pre and post judgment interest, and such other relief as permitted by law.

## COUNT VI-PUNITIVE DAMAGES

61.     Plaintiff realleges the paragraphs above.

62.     St. Catherine Healthcare and Rehabilitation Center operates nursing homes throughout the United States.

63.     St. Catherine Healthcare and Rehabilitation Center has engaged in a systematic pattern of failing to assess background checks of prospective and current employees, failing to provide an adequate number of staff to care for residents and failing to properly supervise its employees in a way that constitutes systematic negligence.

64.     This systematic failure to properly care for residents is the result of decisions made at the corporate level to maximize profits by reducing the funds spent on hiring appropriate staff, paying adequate wages, and/or operating skilled nursing facilities with less than the necessary

number of personnel, while at the same time, endangering the welfare and safety of residents like Rosemary.

65. These corporate acts by St. Catherine Healthcare and Rehabilitation Center are wrongful regardless of the jurisdiction, and demonstrate by their deliberateness and culpability of the bad acts that injured Rosemary.

66. The conduct of St. Catherine Healthcare and Rehabilitation Center has been malicious, willful, reckless or wanton, and should be punished and deterred by the imposition of punitive damages.

WHEREFORE, Plaintiff requests punitive damages against St. Catherine Healthcare and Rehabilitation Center, costs, pre and post judgment interest, and such other relief as permitted by law.

### COUNT VII-NEGLIGENCE BY JOHN DOES #1 and #2

67. Plaintiff realleges the paragraphs above.

68. John Does #1 and #2 were negligent and failed to possess and apply the knowledge and use the skill and care ordinarily used by reasonable well qualified medical physicians, practicing under similar circumstances and giving due consideration to the locality involved. John Does #1 and #2 negligence included, but was not limited to:

    A.    Failing to evaluate, monitor and treat Rosemary for her head injury;

    B.    Failing to transport Rosemary to an emergency room for her head injury; and

    C.    Failing to properly advise staff to monitor Rosemary and look for symptoms due to her heard injury.

69. In failing to act upon the information about her heard injury which was provided by the

St. Catherine Healthcare and Rehabilitation Center staff, John Does #1 and #2 acted willfully, wantonly, and in reckless disregard for the safety and wellbeing of Rosemary.

70. All acts by John Doe #1 were authorized, ratified or participated in by John Doe #2.

71. As a proximate result of the negligence of John Does #1 and #2, Rosemary suffered emotional and physical pain and her injuries led to her death.

WHEREFORE, Plaintiff requests compensatory and punitive damages against John Does #1 and #2, costs, pre and post judgment interest, and such other relief as permitted by law.

### COUNT VIII-NEGLIGENCE, BREACH OF CONTRACT, UNFAIR TRADE PRACTICE BY ST. CATHERINE

72. Plaintiff realleges the paragraphs above.

73. Rosemary provided specific instructions to St. Catherine Healthcare and Rehabilitation Center with regard to how her body was to be transported upon her death and the specific method by which she was to be buried pursuant to tribal customs.

74. St. Catherine Healthcare and Rehabilitation Center mishandled the Rosemary's body after her death. The wrong body was sent to the family for burial services.

75. Rosemary placed a great deal of trust with St. Catherine Healthcare and Rehabilitation Center that her last wishes would be followed.

76. St. Catherine Healthcare and Rehabilitation Center had a duty to competently and professionally handle Rosemary's remains.

77. St. Catherine Healthcare and Rehabilitation Center breached their duty to Rosemary, which constitutes negligence.

78. As a direct and proximate result of St. Catherine Healthcare and Rehabilitation Center's negligence, Plaintiff has suffered damages, including, but not limited to, emotional distress, pain and suffering, and compensatory damages.

WHEREFORE, Plaintiff requests compensatory and punitive damages against St. Catherine Healthcare and Rehabilitation Center, in an amount to be proven at trial, costs, pre and post judgment interest, and such other relief as permitted by law.

Respectfully submitted,

**MEDRANO, HESS & STRUCK, P.C.**

By: _____
Bryan J. Hess
Mario M. Medrano
Attorneys for Plaintiff
20 First Plaza Ctr., Suite 600N
Albuquerque, New Mexico 87102
N.M. Bar No. 19283
(505) 217-2200
F (505) 217-2205